**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>Petitioners,<br><br>vs.<br><br>SHAWN ZIMMERMAN<br><br>Respondent. | Case No. _____<br><br>Related Cases:  1:16-cv-13 (KBJ)(RMM)<br>　　　　　　　　1:16-cv-14 (KBJ)(RMM)<br><br>REDACTED BY PLAINTIFFS IN RELATED CASES |

**AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK,
AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>MOTION TO COMPEL DISCOVERY FROM SHAWN ZIMMERMAN</u>**

**TABLE OF CONTENTS**

Page

I.   PETITIONERS ARE ENTITLED TO AN INDEPENDENT FORENSIC EXAMINATION OF RYAN ZIMMERMAN'S CELL PHONE ......................................... 1

    A.   Ryan Zimmerman's Obligation to Preserve—and Not Delete—Information from his Phone Arose as Early as December 18, 2015 ........................................... 3

    B.   Zimmerman Claims to Have Deleted Relevant Text Messages Sent and Received on December 27 and December 31, 2015 ............................................... 4

II.  ADDITIONAL EVIDENCE OF RYAN ZIMMERMAN'S CLOSE CONNECTIONS TO THE PES NETWORK WILL BE FOUND ON HIS PHONE ........................................... 6

ARGUMENT ................................................................................................................................ 8

    A.   The iPhone Is Highly Relevant to the Underlying Actions .................................... 8

    B.   The Al Jazeera Petitioners' Discovery Requests Are Reasonable ........................ 10

CONCLUSION ........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bakhit v. Safety Marking, Inc.*,
   No. 13-CV-1049, 2014 WL 2916490 (D. Conn. June 26, 2014) ............................................ 11

*Brown Jordan Int'l, Inc. v. Carmicle*,
   No. 15-cv-6141515-mc-00027, 2015 WL 6142885 (W.D. Ky. Oct. 19, 2015) ....................... 9

*Charles Schwab & Co., Inc. v. Highwater Wealth Mgmt. LLC*,
   No. 17-cv-00803-CMA-NYW, 2017 WL 4278494 (D. Colo. Sept. 27, 2017) ...................... 12

*East Bridge Lofts Prop. Owners Assoc., Inc. v. Crum & Forster Specialty Ins.
   Co.*, No, 2:14-cv-2567-RMG, 2015 WL 12831731 (D.S.C. June 18, 2015) ........................... 9

*Han v. Futurewei Tech., Inc.*,
   No. 11-CV-831-JM (JMA), 2011 WL 4344301 (N.D. Cal. Sept. 15, 2011) .......................... 12

*Johnson v. Miller*,
   No. 15-cv-55, 2017 WL 6617056 (W.D. Va. Dec. 21, 2017) ................................................ 10

*Mintel Intern. Gp., Ltd. v. Neergheen*,
   No. 08 c 3939, 2008 WL 5246682 (N.D. Ill. Dec. 16. 2008) ................................................ 12

*Moore v. Chertoff*,
   255 F.R.D. 10 (D.D.C. 2008), *objections overruled sub nom. Moore v.
   Napolitano*, 723 F. Supp. 2d 167 (D.D.C. 2010) .................................................................... 9

*Ramos v. Hopele of Fort Lauderdale, LLC*,
   No. 17-62100-CIV-Moreno/Seltzer, 2018 WL 1383188 (S.D. Fla. March 19,
   2018) ...................................................................................................................................... 11

*Stoney Glen, LLC v. S. Bank & Tr. Co.*,
   No. 13-cv-8, 2013 WL 5514293 (E.D. Va. Oct. 2, 2013) ...................................................... 10

Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies (collectively, the "Al Jazeera Petitioners" or "Al Jazeera") respectfully submit this reply memorandum of law in further support of their motion to compel non-party Shawn Zimmerman to produce for independent forensic analysis the cell phone used by his brother, Ryan Zimmerman (the "Motion").[1]

## I. Petitioners Are Entitled to an Independent Forensic Examination of Ryan Zimmerman's Cell Phone

After publicly promising to "open up his entire life, including phone and email records, to discovery as part of the defamation suit" to show he had nothing to hide,[2] Ryan Zimmerman has refused to produce any evidence from his cell phone and moved to quash a subpoena seeking his phone records.[3] He did so even after telling the *Washington Post* that he had "studied the law on 'disclosure' and realized that he'd have to open up every corner of his private life—every email he'd ever written, every phone record."[4] Ryan Zimmerman reneged on his pledge after ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ Determined to

---

[1] On October 5, 2018, Judge Morgan of the District Court for the Eastern District of Virginia, before whom the Motion was initially filed, transferred the Motion to this Court. A copy of the transfer Order is attached to the Second Declaration of Teale Toweill, dated October 5, 2018 ("Second Toweill Decl.") as Ex. 1. Defined terms here have the same meaning as in the Al Jazeera Petitioners' September 17, 2018 opening Memorandum of Law.

[2] *Ryan Zimmerman Says He's Never Thought of Taking PEDs*, ESPN (Feb. 24, 2016), http://www.espn.com/mlb/story/_/id/14830164/nationals-zimmerman-defends-ped-allegations (internal quotation marks omitted).

[3] *See* Second Toweill Decl., Ex. 2 (*Zimmerman, et al. v. Al Jazeera America, LLC, et al.,* No. 18-mc-23753 (KMW) (S.D. Fla.), Motion to Quash Al Jazeera's Subpoena Served on AT&T (Sept. 12, 2018))

[4] *Ryan Zimmerman Forgoes His Privacy in an Effort to Clear His Name*, WASH. POST (Feb. 23, 2016) https://www.washingtonpost.com/sports/nationals/ryan-zimmerman-forgoes-his-privacy-in-an-effort-to-clear-his-name/2016/02/23/dbf5815c-da4d-11e5-891a-4ed04f4213e8_story.html?utm_term=.296cd4f80a8f.

1

keep these relationships secret, Ryan Zimmerman and his lawyers initially refused to say what happened to his phone and then offered a series of stories that changed over time. Faced with motion practice, Ryan Zimmerman finally admitted that he gave his phone to his brother, Shawn. Unsurprisingly, Shawn Zimmerman also refuses to produce any evidence from the same cell phone that Ryan used from January 1, 2012 until "late 2016."[5] Nonetheless, neither Zimmerman has produced any evidence from this phone or agreed to make the phone available for an independent forensic analysis.[6]

During the litigation, Ryan Zimmerman's lawyers have offered five different accounts of what he did with his cell phone and the relevant information on that phone.[7] His story goes like this:

1. In September 2017, Zimmerman refused to produce the iPhone[8] he used from January 1, 2012 through January 31, 2015.[9] Ryan Zimmerman then said that his iPhone was no longer in his possession.[10]

2. In December 2017, Ryan Zimmerman said he could not remember what happened to his iPhone.[11]

3. In April 2018, Ryan Zimmerman said that he gifted his (then, 5-year-old) iPhone to his brother Shawn Zimmerman back in 2016.[12]

---

[5] *See* Shawn Zimmerman's September 29, 2018 Memorandum of Law in Opposition to Petitioners' Motion to Compel Discovery ("Opposition"), at 1.
[6] Further obstructing the discovery Ryan Zimmerman promised to provide, he has moved to quash a subpoena for his cell phone records. *See supra*, note 3.
[7] *See* Opposition, at 1-2; *see also* Declaration of Ryan Zimmerman in Support of Shawn Zimmerman's Memorandum of Law in Opposition to Petitioners' Motion to Compel Discovery ("R. Zimmerman Decl."), at ¶ 4; Declaration of Scott Lerner in Support of Shawn Zimmerman's Memorandum of Law in Opposition to Petitioners' Motion to Compel Discovery, at ¶ 5.
[8] The Al Jazeera Petitioners have received information from Apple, Inc. indicating that Ryan Zimmerman purchased this iPhone in 2011, which means it was likely an iPhone 4S. *See* Second Toweill Decl., Ex. 3.
[9] *See* Declaration of Teale Toweill dated September 17, 2018 ("Toweill Decl."), Ex. L, at Doc. Request Response No. 64.
[10] *See id.*, Ex. N, at Interrogatory Response No. 12.
[11] *See id.*, Ex. O, at 3.
[12] *See id.*, Ex. R, at Supp. Interrogatory Response No. 12.

4. On September 29, 2018, in opposition to this Motion, Ryan Zimmerman said that he gave his brother the iPhone in "late 2016," but only after making sure that "it did not contain any text messages relating to or concerning the Underlying Action."[13]

5. Although he had publicly acknowledged his obligation to produce evidence from his cell phone, Ryan Zimmerman claims that he "regularly deletes his text messages after reading them."[14]

6. Finally, Ryan Zimmerman explained in his declaration that in late 2015—despite receiving a letter on or about December 4, 2015 from Al Jazeera putting him on notice that it was preparing to air the Documentary, and despite a clear indication from his counsel on December 18, 2015 that he would sue Al Jazeera if the Documentary was aired (and despite having studied the law on disclosure)—he had no text messages related to the Documentary and no reason to save any even if he had.[15]

Aside from contradicting themselves, these explanations are contradicted by non-party discovery, which shows that Ryan Zimmerman exchanged relevant text messages before, at, and around the time the Documentary was aired. At a minimum, the record is now clear that Ryan Zimmerman breached his duty (a duty he recognized publicly with the media) to preserve his text messages, along with any other evidence on his iPhone, and failed to produce relevant text messages in the litigation he commenced.

    **A.**    **Ryan Zimmerman's Obligation to Preserve—and Not Delete—Information from his Phone Arose as Early as December 18, 2015**

As the Al Jazeera Petitioners explained in their Motion, on December 18, 2015, nine days before the Documentary was broadcast, Ryan Zimmerman's attorneys threatened to sue the Al Jazeera Petitioners for defamation, and those attorneys began working on the case as early as December 26, 2015, including drafting complaints that were shown to their clients by December 30, 2015.[16] On January 5, 2016, Ryan Zimmerman and Ryan Howard filed the Underlying

---

[13] Opposition at 1.
[14] *Id.* at 2.
[15] *Id.* at 2; *see also* R. Zimmerman Decl., at ¶¶ 3-4; Toweill Decl., Ex. B.
[16] *See* Toweill Decl., Ex. B; *id.* at ¶ 9.

3

Actions.[17]  Therefore, by December 18, 2015, Ryan Zimmerman was legally obligated to save all relevant information, including all text messages on his iPhone.

> **B.    Zimmerman Claims to Have Deleted Relevant Text Messages Sent and Received on December 27 and December 31, 2015**

On December 27, 2015, at 11:07 AM, Ryan Zimmerman sent a text to Ryan Howard with a link to the Documentary.[18]  On December 31, 2015, at 11:03 AM, Ryan Howard replied to Ryan Zimmerman, texting "Hey Bud how you holding up?"[19]  This text exchange, although produced by Ryan Zimmerman, was not captured from Ryan Zimmerman's iPhone.[20]  As shown below (and in Exhibits 4 and 5 to the Second Toweill Decl.), Ryan Howard produced an exact duplicate of this text exchange.[21]

---

[17] *See* Zimmerman Orig. Compl. ¶ 61, Case No. 16-cv-13; Howard Orig. Compl. ¶ 64, Case No. 16-cv-14.

[18] *See* Second Toweill Decl., Ex. 4.  Although this text message makes no reference to any Confidential or Highly Confidential information, it has been designated Highly Confidential by Ryan Zimmerman. Petitioners have challenged that designation. *See* 16-cv-13, ECF No. 104.

[19] *Id.*

[20] The document says at the top: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which is the phone number identified by Ryan Zimmerman as associated with his iPhone.  (*See* Toweill Decl., Ex. L, at Doc. Request Response No. 64.).  This indicates that the mobile phone from which the message was sent was not Ryan Zimmerman's but Ryan Howard's.

[21] *See* Second Toweill Decl., Ex. 5.

4

 

The most likely explanation is that Ryan Howard, or their mutual attorneys, provided the printed-out text message to Ryan Zimmerman so that he could produce it, thereby creating the appearance that he had preserved and produced evidence from his iPhone when, in fact, he had not.

Consequently, there is substantial evidence that Ryan Zimmerman deleted relevant text messages after he was obligated to preserve them, and that he and his counsel initially attempted to conceal that fact. And for good reason; non-party discovery has revealed many communications between Ryan Zimmerman and the network of PES suppliers. For example, in addition to the deleted text message between Ryan Zimmerman and Ryan Howard, documents produced by their █████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████ Al Jazeera is entitled to know the extent to which Ryan

---

[22] *See* Toweill Decl., Ex. D.

Zimmerman communicated with the PES network and how many text messages were deleted. This evidence can only be found through phone records and an independent forensic examination of Ryan Zimmerman's iPhone.

## II. Additional Evidence of Ryan Zimmerman's Close Connections to the PES Network Will Be Found on his Phone

Al Jazeera reported in the Documentary, and discovery has since confirmed, the extreme measures to which professional athletes and their PES providers will resort to hide their activities, including using aliases, falsifying records, and deleting text messages.[23] Ryan Zimmerman has acknowledged that he has used at least two aliases—Clayton Bigsby and Wally Sandpiper.[24] Ryan Zimmerman has acknowledged deleting relevant text messages. As shown in the illustration below, there is ample evidence connecting Ryan Zimmerman to the PES network, which explains why he has refused to produce text messages, his phone, or his phone records after publicly promising to do so.



---

[23] *See, e.g.*, Toweill Decl., Ex. A, at 13 (Brandon Spletzer discussing how he creates two sets of medical records), 30 (Sly receiving a text from Clay Matthews), and 32 (Sly explaining that HGH was sent to Peyton Manning's wife, never under Peyton Manning's name); *id.*, Ex. 6.

[24] *See* Second Toweill Decl., Ex. 7; Opposition at 6.

6

For example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In fact, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ For their part, Riley and Sly were close friends and business partners. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Beyond selling supplements, Sly and Riley's company, Elementz Nutrition, was designed to allow them to sell their clients supplements but also "other pharmacy stuff."[29] Ryan Zimmerman was prominently featured on the Elementz Nutrition website, although his picture was abruptly taken down around the time the Documentary aired.[30] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ryan Zimmerman told his team, the Washington Nationals, and the *Washington Post*, that he had never seen or spoken to Sly and that he had never heard his name before the Documentary aired.[31] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[25] *See* Motion at 3-4, 6; Toweill Decl., Ex. C, ▇▇▇▇▇▇▇▇▇▇ 10:4-21, 46:17-47:6, 102:2-18; *id.*, Ex. D.
[26] *See* Second Toweill Decl., Ex. 8, at ZIMMERMAN-0005695.
[27] *See id.*, Ex. 9, at ZIMMERMAN-0005371.
[28] *See id.*, Ex. 8, at ZIMMERMAN-0005693.
[29] *See id.*, Ex. 10; *id.*, Ex. 11, at AJ-HZ_0032065.
[30] *See id.*, Ex. 12.
[31] *See id.*, Ex. 13, at CAA000482; *Ryan Zimmerman Forgoes His Privacy in an Effort to Clear His Name,* WASH. POST (Feb. 23, 2016) https://www.washingtonpost.com/sports/nationals/ryan-zimmerman-forgoes-his-privacy-in-an-effort-to-clear-his-name/2016/02/23/dbf5815c-da4d-11e5-891a-4ed04f4213e8_story.html?utm_term=.296cd4f80a8f.

7

███████ the Al Jazeera Petitioners are entitled to receive this evidence from Ryan Zimmerman as well.

## ARGUMENT

### THIS COURT SHOULD ORDER SHAWN ZIMMERMAN TO PRODUCE THE IPHONE

As demonstrated above, it is undisputed that Ryan Zimmerman sent and received relevant text messages from his iPhone both before and after he began working with his attorneys to draft the complaint. It is undisputed that Zimmerman confirmed to the media that he was aware of his discovery obligations and understood (even welcomed) that his phone and phone records would be the subject of discovery. It cannot be reasonably disputed that Zimmerman failed to preserve relevant evidence, has refused to permit any discovery into his phone or his phone records, and has refused to permit discovery into how much evidence he deleted and when. It seems clear that Ryan Zimmerman and his lawyers initially attempted to hide these facts from Al Jazeera. Under these extraordinary circumstances, Al Jazeera is entitled to an independent forensic examination of Ryan Zimmerman's iPhone, now in the possession of his brother Shawn.

### A.   The iPhone Is Highly Relevant to the Underlying Actions

In response to the Motion, Shawn Zimmerman has argued that turning over the iPhone would be "unwarranted" because there is no evidence it contains any relevant information.[32] He also attempts to distinguish the clear authority supporting forensic inspection of the iPhone by claiming these cases require "actual evidence of the spoliation of evidence."[33] Shawn Zimmerman is wrong. As shown above, Ryan Howard and Ryan Zimmerman exchanged relevant text messages at the end of December 2015 that were not produced from Ryan Zimmerman's iPhone. Ryan Zimmerman also claims that he would have deleted any text

---

[32] Opposition, at 8.
[33] *Id.*, at 9.

8

messages as soon as they were sent or read.  Therefore, the record shows that relevant evidence existed on and was deleted from Ryan Zimmerman's iPhone after he had threatened to sue Al Jazeera.  These facts more than justify an independent forensic examination of the iPhone to determine, among other things, what was deleted and when.  *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 15-mc-00027, 2015 WL 6142885, at *3-4 (W.D. Ky. Oct. 19, 2015) (compelling subpoenaed family member to produce iPhone for forensic examination).

Shawn Zimmerman relies on *East Bridge Lofts Prop. Owners Assoc., Inc. v. Crum & Forster Specialty Ins. Co.*, No, 2:14-cv-2567-RMG, 2015 WL 12831731 (D.S.C. June 18, 2015) to argue that forensic examination is too "drastic."[34]  In that case, however, the court denied forensic examination of *emails, computers, and servers*, because there was no suggestion that relevant evidence had been "wiped clean."  *Id.* at *2.  Here, conversely, the record shows that relevant text messages were sent and deleted while Ryan Zimmerman had a legal obligation to preserve all relevant information.

Ryan and Shawn Zimmerman's claims that they searched for anything potentially relevant, that anything relevant would have been deleted and that Ryan Zimmerman has already "provided Al Jazeera with intimate access to the most sensitive parts of his life" is neither credible nor sufficient.  *Moore v. Chertoff*, 255 F.R.D. 10, 34 (D.D.C. 2008), *objections overruled sub nom. Moore v. Napolitano*, 723 F. Supp. 2d 167 (D.D.C. 2010) ("Defendant's suggestion that Plaintiffs 'cannot be prejudiced by the non-production of documents that do not exist'. . . is equally misplaced: since Defendant never offered evidence that he conducted a reasonable search for responsive documents, Defendant has no basis upon which to maintain that the requested documents 'do not exist [.]'" (internal citation omitted)).  To the contrary, Ryan

---

[34] *Id.*

Zimmerman's admission that he deleted all evidence from his iPhone confirms that discovery into his phone records and a forensic examination of his iPhone are the only ways for Al Jazeera to develop further evidence of Ryan Zimmerman's close connection to the PES network that he falsely denied having, and to determine when Ryan Zimmerman violated his obligation to preserve relevant evidence. And it bears emphasizing that Ryan Zimmerman and his lawyers did not initially make these disclosures in their discovery responses. Instead, they obfuscated, misled and stonewalled.

In a final attempt to hide relevant evidence from Al Jazeera, the Zimmerman brothers claim that an independent forensic examination of a now 7-year-old iPhone would be unduly burdensome. This argument fails because it is unsupported by any facts. Indeed, Shawn Zimmerman has not even stated that he currently uses this particular phone. *See, e.g.*, *Stoney Glen, LLC v. S. Bank & Tr. Co.*, No. 13-cv-8, 2013 WL 5514293, at *3 (E.D. Va. Oct. 2, 2013) ("[t]o prevail on the grounds of burdensomeness or breadth, the objecting party must do more to carry its burden than make conclusory and unsubstantiated arguments."); *Johnson v. Miller*, No. 15-cv-55, 2017 WL 6617056, at *3 (W.D. Va. Dec. 21, 2017) (holding that non-party from whom cell phone-related information was sought "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena") (internal citation omitted).

### B. The Al Jazeera Petitioners' Discovery Requests Are Reasonable

Ryan Zimmerman represented to a *Washington Post* reporter that he understood by bringing this lawsuit against Al Jazeera, he would have to "open up every corner of his private

life—every email he'd ever written, every phone record."[35] The Al Jazeera Petitioners do not, in fact, seek every email or every phone record Ryan Zimmerman ever sent or received. But they are entitled to all evidence that relates to the Documentary and to Ryan Zimmerman's claims that he has never taken any PES and does not know anyone associated with the PES network. Indeed, Al Jazeera's discovery requests contemplate reasonable search parameters,[36] and the Revised Protective Order can be used to protect any legitimate privacy concerns.[37] Furthermore, following retrieval of information from the iPhone, an independent vendor can easily identify and exclude from review or production any truly irrelevant information.

The cases cited by Shawn Zimmerman do not find otherwise. In *Bakhit v. Safety Marking, Inc.*, No. 13-CV-1049, 2014 WL 2916490, at *2-3 (D. Conn. June 26, 2014), the court denied without prejudice a motion to compel examination of cell phones because plaintiffs had not yet exhausted other less intrusive remedies to obtain the sough-after discovery. Here, of course, the only way to obtain information about what evidence still exists on or was deleted from Ryan Zimmerman's iPhone is to examine that iPhone.

In *Ramos v. Hopele of Fort Lauderdale, LLC*, No. 17-62100-CIV-Moreno/Seltzer, 2018 WL 1383188, at *2-3 (S.D. Fla. March 19, 2018), on which Shawn Zimmerman relies, the court denied defendants request to forensically inspect plaintiff's cell phone on the grounds that plaintiff's deletion of text messages was not relevant to any claim or defense, and, in any event, defendant admitted to sending the texts at issue in the case. Here, the existence and deletion of

---

[35] *Ryan Zimmerman Forgoes His Privacy in an Effort to Clear His Name*, WASH. POST (Feb. 23, 2016) https://www.washingtonpost.com/sports/nationals/ryan-zimmerman-forgoes-his-privacy-in-an-effort-to-clear-his-name/2016/02/23/dbf5815c-da4d-11e5-891a-4ed04f4213e8_story.html?utm_term=.296cd4f80a8f.

[36] *See* Motion, at 8.

[37] *See* Opposition at 10-14; *see also* 16-cv-14, ECF No. 101.

relevant text messages on Ryan Zimmerman's phone is both contested and directly relevant to the Al Jazeera Petitioners' substantial truth defense.[38]

The additional cases on which Shawn Zimmerman relies are equally inapposite. In *Charles Schwab & Co., Inc. v. Highwater Wealth Mgmt. LLC*, the court denied a request to image cell phones because the requesting party made no attempt to identify the contours of a reasonable search, and no showing of spoliation had been made. No. 17-cv-00803-CMA-NYW, 2017 WL 4278494, at *7 (D. Colo. Sept. 27, 2017). Here, the Al Jazeera Petitioners are seeking a reasonable search of the iPhone, and discovery has shown that Zimmerman deleted relevant messages *after* he was required to preserve them.[39] In *Han v. Futurewei Tech., Inc.*, the court denied a request to image a hard drive which potentially contained voluminous amounts of data. No. 11-CV-831-JM (JMA), 2011 WL 4344301, at *1 (N.D. Cal. Sept. 15, 2011). The Al Jazeera Petitioners merely seek a forensic examination of a single iPhone.

Shawn Zimmerman also argues that, as a third party, he is entitled to greater protections even though he would not have received a subpoena but for his brother's decision to gift the iPhone to him during the pendency of the litigation Ryan Zimmerman commenced. But again, the cited cases provide no support. For example, in *Mintel Intern. Gp., Ltd. v. Neergheen*, the court denied a request by plaintiff to conduct a forensic search of the computers of a third party, a direct competitor of plaintiff, finding the competitor was entitled to protection from such discovery. No. 08 c 3939, 2008 WL 5246682, at *1 (N.D. Ill. Dec. 16. 2008). No similar concern is present here, and the phone in question belonged to Ryan Zimmerman throughout the period most relevant to the Underlying Actions.

---

[38] *See* Motion at 9.
[39] *See supra* at 3-6.

Because this discovery is relevant and proportional, this Court should grant the motion to compel production of the iPhone.

## CONCLUSION

For the foregoing reasons, the Al Jazeera Petitioners respectfully request that Shawn Zimmerman be ordered to produce the iPhone to a neutral third-party vendor for forensic imaging and inspection.

Respectfully submitted.

Dated:  October 5, 2018

   */s/ Charles Scheeler*
Charles Scheeler
DLA PIPER LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209
Office: (410) 580-3000
Fax: (410) 580-3001
charles.scheeler@dlapiper.com

Michael D. Hynes
Andrew L. Deutsch
Rachel Stevens
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Office: (212) 335-4500
Fax: (212) 335-4501
michael.hynes@dlapiper.com
andrew.deutsch@dlapiper.com
rachel.stevens@dlapiper.com

*Counsel for Al Jazeera America, LLC,*
*Al Jazeera Media Network, Al Jazeera*
*International (USA), Inc., and Deborah Davies*

13